IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:17cr306-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | PENDING RULE 32.2(c)(2) |
| (5) WALTER CLIFTON MARTIN, JR. ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property[1], IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 21 U.S.C. § 853, provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **Real property located at 21 W. Polk Street, Polkton, North Carolina, more particularly described in a Deed recorded at Deed Book 1041, Pages 200-213 in the Anson County Registrar of Deeds;**
>
> **Real property located at 15 W. Polk Street, Polkton, North Carolina, more particularly described in a Deed recorded at Deed Book 1041, Pages 200-213 in the Anson County Registrar of Deeds;**
>
> **Real property located at 366 Tarpin Town Road, Polkton, North Carolina, more particularly described in a Deed recorded at Deed Book 1041, Pages 200-213 in the Anson County Registrar of Deeds;**
>
> **One 2009 Porsche 911 Carrera, VIN: WPOAB29909S7211556, seized on or about November 14, 2017 during the investigation;**
>
> **One Browning Hi Power 9 mm handgun, serial number 511ZM53804, seized on or about November 14, 2017 during the investigation;**
>
> **One Colt .223 caliber rifle, serial number CMH013376, seized on or about November 14, 2017 during the investigation;**

---

[1] In the event that any firearms are subject to forfeiture pursuant to this Consent Order, defendant's consent to forfeiture herein does not constitute a waiver of any objections to sentencing factors, including any weapon enhancement that the Government may contend are applicable.

One Walther PK .380 handgun, serial number PK053820, seized on or about November 14, 2017 during the investigation;

One Colt 1991A1 .45 caliber pistol, serial number CP21687, seized on or about November 14, 2017 during the investigation;

One Taurus Rossi Rio Grande 30-30 rifle, serial number 5G5060496, seized on or about November 14, 2017 during the investigation;

One Harrington and Richardson .20 caliber shotgun, serial number AU552584, seized on or about November 14, 2017 during the investigation; and

Assorted ammunition seized on or about November 14, 2017 during the investigation.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 853. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, Defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion deem to legally sufficient, and waives any and all right to further notice of such process or such destruction.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_____          _____
WILLIAM T. BOZIN                   WALTER CLIFF MARTIN, JR.
Assistant United States Attorney   Defendant

                                   _____
                                   EBEN RAWLS, ESQ.
                                   Attorney for Defendant

Signed this the 4th day of May, 2018.

_____
UNITED STATES _Magistrate_ JUDGE